COPE, J.
(concurring in part and dissenting in part).
Under the evidence, $30,000 appreciation in value of the Hampton Lane property was attributable to marital funds and should be treated as a marital asset. The equitable distribution should be revised accordingly.
There should be a new hearing on the valuation of the husband’s closely-held corporation. The husband is a manufacturer’s representative who operated his closely-held business from the parties’ home. The business had almost no hard assets and the husband was the sole employee of the business.
During the marriage, the husband withdrew money from the corporation, some as compensation and some as loans by the corporation to the husband as shareholder. The money taken out in this way was largely used for living expenses during the marriage. As of the June 30, 1996 valuation date, the husband had taken out $200,-000 in shareholder loans from the corporation.
The trial court used the corporation’s June 30, 1996 tax return as the basis for valuation. The valuation date was several months prior to the parties’ separation.
The tax return showed a corporation net worth of $138,000. However, the major asset of the corporation was the $200,000 in loans receivable from the husband. Boiled down, the evidence showed that the parties had withdrawn from the corporation amounts in excess of the corporation’s net worth. The corporation had a positive net worth only if it were assumed that the $200,000 would be repaid.
In the final judgment, the court awarded the business to the husband, which the court valued at $138,000. The final judgment did not allocate responsibility for the $200,000 in shareholder loans. However, as a practical matter the primary burden will be on the husband to repay these amounts. Alternatively, if the loans are not repaid, then they would be treated as compensation to the husband and create a tax liability.
To the extent that the funds were used for marital purposes, it is unfair to credit the husband with receiving a $138,000 as *513 set, when that asset has value only if the husband repays the corporation the $200,-000 in shareholder loans. It seems to me that some adjustment in the valuation of the corporation is warranted, although the trial court has great discretion over the amount of any such adjustment. If these amounts had been taken out by the husband after separation, it would be another matter entirely. However, these shareholder loans were taken out in the two years preceding separation.
The final judgment does not deal with the $200,000 liability at all. Under the equitable distribution statute, it should. The fact that the final judgment is silent on this point suggests that the court may have overlooked this liability and its significance.
I concur with the majority opinion on the remaining issues.